(Surrogate's Court, Westchester County. December, 1894.)

CLAIMS AGAINST DECEDENT—SERVICES RENDERED TO PARENT — PRESUMPTION.
The presumption that services rendered by a daughter to her father were gratuitous is not overcome by proof of declarations by the father that claimant "ought to be paid," and that "she should be paid for what she did for him."

Judicial settlement of the accounts of Josephine S. Dusenberry (now Schmalling) and another as administrators of Jonah C. Brundage, deceased. Mrs. Dusenberry presents a claim for services rendered to decedent as housekeeper and nurse. Rejected.

Platt & Thompson, for claimant.
James B. Lockwood, for next of kin.

COFFIN, S. The only matter in controversy in this case is in regard to the claim made by the administratrix for services, etc., rendered to the deceased during his lifetime. There is no evidence whatever of any express or implied contract between the deceased and the claimant as to compensation for her services; and in the

absence of such contract, express or by fair implication, the authorities are abundant to the effect that she cannot recover, because of the relation between parent and child, the presumption being that such services were gratuitous, and such as were due from the child to the parent. Williams v. Hutchinson, 3 N. Y. 312; Marion v. Farnan, 68 Hun, 383, 22 N. Y. Supp. 946; Ulrich v. Arnold, 120 Pa. St. 170, 13 Atl. 831. Other cases might be cited, but these are deemed sufficient.

The only proof on which it is sought to base the inference that there was a contract is that the deceased said to others: "She ought to be paid." "She should be paid for what she did for him." In no instance was the claimant present when these declarations were made, nor were they communicated to her, and they are not evidence of either an express contract or of a mutual understanding which would take the matter out of the well-settled rule. The claim is rejected. Ordered accordingly.