DEPIRRO, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Superior Court of Buffalo, General Term. July 30, 1895.) Action by Geremia Depirro against the New York Central & Hudson River Railroad Company. McMillan, Gluck, Pooley & Depew, for appellant. Charles Oishei, for respondent.

TITUS, C. J. This action is brought to recover damages for an injury received by the plaintiff while riding as a passenger on a belt-line train of the defendant's railroad. The plaintiff, with several other laborers, got onto the train at the Terrace station for the Military Road station. When the train arrived at that point, the passengers commenced getting off, and before all had got off the train started, and while on the lower step of the car platform the plaintiff claimed that the car gave a sudden .erk. und threw him to the ground, and he received injuries, for which this action is brought. The facts are not very much in dispute. The defendant claims that the train did not start with a sudden jerk, and that the plaintiff jumped from the train. The case was submitted to the jury on a charge by the court, which, to say the least of it, was not unfair to the defendant. No exception was taken to the charge, or to any ruling of the court in the admission or rejection of evidence. The only exceptions are to the court's refusal to nonsuit the plaintiff, and to direct a verdict for the defendant at the close of the case. These exceptions present a single question. Was there sufficient evidence to justify the jury in the conclusion reached by it? An examination of the record satisfies me that there was an abundance of evidence to warrant the jury in coming to the conclusion which it reached. The court could not have granted the defendant's motion, as the case presented a question of fact, pure and simple, for the jury to determine, and their findings cannot be disturbed. The judgment and order appealed from should be affirmed, with costs.

HATCH, J., concurs.

DONAHUE, Appellant, v. DRAKE et al., Respondents. (Supreme Court, General Term, Third Department. July 6, 1895.) Action by David Donahue against John H. Drake and William D. Stratton. No opinion. Judgment affirmed, with costs.

In re DUNNE. (Supreme Court, General Term, Second Department. July 26, 1895.) In the matter of application of John Dunne for a writ of mandamus. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

DURLAND v. DURLAND. (Supreme Court, General Term, Second Department. June 14, 1895.) Action by Mary Ann Durland against Jesse Durland, as executor, etc. No opinion. Ordered that the order of this general term, dated December 10, 1894, be amended by inserting therein after the word "reversed" the words "on both questions of law and questions of fact." See 31 N. Y. Supp. 596.

In re DUSENBURY. (Supreme Court, General Term, Second Department. June 14, 1895.) In the matter of the judicial settlement of the accounts of Josephine T. Dusenbury, etc., administratrix. No opinion. Appeal dismissed, with $10 costs, and case stricken from calendar. Order signed. See 32 N. Y. Supp. 820.

EASTMAN v. MAYOR, ETC., OF CITY OF NEW YORK. (Superior Court of New York City, General Term. July, 1895.) Action by Franklin P. Eastman against the mayor, aldermen, and commonalty of the city of New York. Both parties appeal. Hatch & Wickes, for plaintiff. Francis M. Scott, for defendants.

PER CURIAM. This action was brought to recover damages for the breach of a contract by which the defendants granted to the plaintiff the right to collect all the wharfage and cranage of a certain bulkhead. The defendants disclaim any liability whatever, while the plaintiff contends that the verdict directed in his favor is insufficient in amount. An examination of the case has satisfied us that the views expressed by the learned trial judge on directing the verdict were correct, and that upon the evidence before him the verdict was properly directed. The judgment should be affirmed on both appeals, but without costs to either party.